# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **EDSEL L. LONG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-547** |
| | ) | **(Phillips)** |
| **ALCOA INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions:

■    Defendant's Motion to Dismiss  [Doc. 3];

■    Plaintiff's Motion for Summary Judgment  [Doc. 7];

■    Plaintiff's Motion to Remand  [Doc. 13];

■    Joint Motion to Stay Discovery  [Doc. 27].

For the following reasons, Defendant's Motion to Dismiss [Doc. 3] is **DENIED**, Plaintiff's

Motion for Summary Judgment [Doc. 7] is **DENIED**, Plaintiff's Motion to Remand [Doc. 13] is

**DENIED**, and the Joint Motion to Stay Discovery [Doc. 27] is **GRANTED**.  The Court addresses

each motion in turn.

## I.    ANALYSIS

### A.    Defendant's Motion to Dismiss  [Doc. 3]

Defendant has moved to dismiss Plaintiff's complaint on two grounds [*See* Defendant's

Memorandum of Law in Support of its Motion to Dismiss, Doc. 4]. First, Defendant argues that Plaintiff's state law claims are preempted by Section 301 of the Labor Management Relations Act. [Id.]. Second, Defendant argues that even if Plaintiff's state law claims are not preempted, those claims fail to state a cause of action under Tennessee law. [Id.]. Plaintiff has responded by arguing that his claims are not preempted by federal law [*See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Doc. 13].

Under Rule 12 of the Federal Rules of Civil Procedure, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." DIRECTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." Id. (quoting Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 127 S. Ct. at 1974).

Although denominated as a motion to dismiss, Defendant has really filed a motion for summary judgment. Both the Defendant and Plaintiff request that the Court consider matters not properly of record or before the Court, and Rule 12 of the Federal Rules of Civil Procedure was not intended as a substitute for summary judgment under Rule 56. Because Defendant's Motion to Dismiss [Doc. 3] is actually a motion for summary judgment, and because there is an insufficient record before the Court, this motion is **DENIED**.

**B.      Plaintiff's Motion for Summary Judgment  [Doc. 7]**

Plaintiff has moved for summary judgment based on the Defendant's failure to respond to Plaintiff's First Set of Requests for Admissions ("Request") that were filed in the prior state court proceeding [*See* Plaintiff's Motion for Summary Judgment, Doc. 7].  The Request was filed on November 30, 2009.  This case was removed to federal court on December 10, 2009.

Defendant argues that because the parties had not conducted a Rule 26(f) discovery conference at the time the motion for summary judgment was filed, Defendant was not required to respond to the Request.   [*See* Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment, Doc. 17].   On January 5, 2010, Plaintiff filed the Motion for Summary Judgment [Doc. 7].  On April 1, 2010, the parties held a Rule 26(f) conference.  [*See* Report of Rule 26(f) Planning Meeting, Doc. 26].  During the Rule 26(f) conference, Defendant agreed to respond to the Request on or before April 19, 2010. [Id].

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The Court must construe the facts and draw all inferences therefrom in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zendith Radio Corp., 475 U.S. 574, 587 (1986).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); *see also, e.g.* Bridgeport Music, Inc. v. WB Music Corp., 508 F.3d 394, 397 (6th Cir. 2007) ("The moving party bears the initial burden of demonstrating the absence of any

genuine issue of material fact, and all inferences should be made in favor of the non-moving party.").  With regard to issues where the moving party will not bear the ultimate burden of proof at trial, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  <u>Celotex</u>, 477 U.S. at 325.  The burden then shifts to the non-moving party to demonstrate the existence of genuine issues of material fact.  <u>Id.</u> at 324.  If the non-moving party fails to meet this burden, the moving party is entitled to summary judgment.

Plaintiff argues that summary judgment is appropriate because Defendant failed to respond to the Request, and therefore admitted all statements contained in the Request.  [*See* Plaintiff's Motion for Summary Judgment, Doc. 7].  This is not a proper basis for summary judgment.  On January 7, 2010, United States Magistrate Judge C. Clifford Shirley filed a Memorandum and Order in which he stayed all discovery requests prior to the parties holding a Rule 26(f) conference.  [Order Granting Defendant's Motion for Protective Order, Doc. 11].  In that Order, Judge Shirley made clear that "[n]either party shall seek discovery before the [Rule 26(f)] conference, nor is either party obligated to respond to outstanding discovery prior to the conference." [<u>Id</u>. at 3].  In fact, Judge Shirley recognized that the Defendant was not required to comply with the Request until after the parties held a Rule 26(f) conference:

> This matter having been removed the Court finds that the parties are prohibited from seeking discovery from one another until a Rule 26(f) conference has been conducted.  *As to the outstanding discovery requests . . . the Court finds that, because discovery in this matter is currently prohibited pending a Rule 26(f) conference*, the interests of judicial economy and consistency with the intent of the Federal Rules of Civil Procedure support staying further discovery in this matter until the parties have conferred pursuant to Rule 26(f).

[<u>Id</u>. at 2-3] [emphasis added].  This Order was based upon Rule 26(d)(1) of the Federal Rules of

Civil Procedure, which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d)(1).

When Plaintiff filed the Motion for Summary Judgment [Doc. 7], the parties had not yet conducted a Rule 26(f) conference.  Therefore, any requests for discovery– which includes requests for admissions under Rule 36 of the Federal Rules of Civil Procedure– were premature and cannot support a motion for summary judgment.  *See* DIRECTV, Inc. v. DeVries, 302 F.Supp. 2d 837, 839 n.2 (W.D. Mich. 2004) (recognizing that a "request for admission was premature and therefore not a valid basis for his summary judgment motion").  Because Defendant was not required to respond to the Request, Plaintiff could not rely upon Defendant's failure to respond as a basis for summary judgment.  Accordingly, Plaintiff's Motion for Summary Judgment [Doc. 7] is **DENIED**.

### C.  Plaintiff's Motion to Remand  [Doc. 13]

On January 19, 2010, Plaintiff filed a Response to Defendant's Motion to Dismiss, which also included a Motion to Remand [Doc. 13].  Plaintiff requests that the Court "remand this case back to State court which has appropriate jurisdiction."  [Id. at 19].  Plaintiff does not explain why this case should be remanded pursuant to 28 U.S.C. § 1447(c).

In deciding remand motions based on lack of jurisdiction, the Court looks at whether it had jurisdiction at the time of removal.  In this case, removal was based upon the Court's jurisdiction under 28 U.S.C. § 1332.  That statute requires complete diversity between the parties and that "the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  In this case, Plaintiff is a resident of the State of Tennessee.  [*See* Notice of Removal, Doc. 1 at 2].  Defendant is incorporated in the State of Pennsylvania and has its principal executive office in New York.  [Id].  In addition to complete diversity, the amount in controversy

exceeds $75,000.00 exclusive of interest and costs. [*See* Plaintiff's Second Amended Complaint as removed from state court, Doc. 1-1 at 49-50]. At the time this case was removed to federal court, the Court had jurisdiction under 28 U.S.C. § 1332. Accordingly, Plaintiff's Motion to Remand [Doc. 13] is **DENIED**.

### D.    Joint Motion to Stay Discovery  [Doc. 27]

On August 5, 2010, the parties jointly moved to stay all discovery pending disposition of Defendant's Motion to Dismiss [Doc. 3] and Plaintiff's Motion for Summary Judgment [Doc. 13]. The parties also request that the Court stay all discovery to allow the parties to complete formal mediation. [Id.].

The Court finds the request well-taken. In particular, staying this proceeding will preserve judicial resources in the event that this case is resolved through mediation. Accordingly, all proceedings in this case are **STAYED UNTIL DECEMBER 31, 2010**, or until the Court is notified of mediation results (whatever is earlier). The parties shall notify the Court within **sixty (60)** days from entry of this Order the identity of the mediator who will conduct the mediation and of the date, time and place for the mediation. It is **FURTHER ORDERED** that the parties, their representatives and/or actual decisionmakers for the parties, including persons with actual settlement authority on behalf of all the parties to this litigation, shall be present for the mediation, which should be scheduled to occur prior to **NOVEMBER 29, 2010**. The parties shall promptly notify the Court of the results of the mediation. If the case is not resolved through mediation, the Stay shall be lifted.

## II.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. 3] is **DENIED**, Plaintiff's Motion for Summary Judgment [Doc. 7] is **DENIED**, Plaintiff's Motion to Remand [Doc. 13] is

**DENIED**, and the Joint Motion to Stay Discovery [Doc. 27] is **GRANTED**.

      **IT IS SO ORDERED.**

               **ENTER:**

                    _____ s/ Thomas W. Phillips _____
                       United States District Judge